IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JARRIN R. BALL,

                Plaintiff,

v.                              CIVIL ACTION NO. 2:06-cv-01068

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

      In this action, plaintiff seeks review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits and supplemental security income. The case is presently pending before this court on plaintiff's Motion for Judgment on the Pleadings or in the Alternative for Remand [Docket 14] and the Commissioner's Brief in Support of Judgment on the Pleadings [Docket 18].

      This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation ("PF&R") for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On February 4, 2008, the Magistrate Judge submitted proposed findings of fact and recommended that the court deny plaintiff's motion, grant the defendant judgment on the pleadings, affirm the final decision of the Commissioner, and dismiss this matter from the court's docket. On March 25, 2008, the defendant filed objections to the Magistrate Judge's PF&R.

## Statement of Facts

Jarrin R. Ball filed an application for supplemental security income ("SSI") and disability insurance benefits ("DIB") on May 31, 2004, alleging disability as of February 27, 2004, due to major depressive disorder/panic disorder, agrophobia [sic], and hyperthyroidism. The claims were denied initially and upon reconsideration. On July 1, 2005, the plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and the hearing was held on November 3, 2005, before the Honorable James P. Toschi.

The ALJ found that Ms. Ball did suffer from the severe impairments of depressive disorder and anxiety disorder, but that she had the residual functional capacity to perform work at any exertional level, reduced by non-exertional limitations, and she could return to her past relevant work as a janitor. Accordingly, the ALJ determined by a decision dated December 30, 2005, that Ms. Ball was not entitled to benefits. The Appeals Council subsequently denied Ms. Ball's request for review. On December 27, 2006, Ms. Ball brought the present action seeking judicial review of the administrative decision. As noted above, the case was referred to Magistrate Judge Stanley and subsequent cross briefs in support of judgment on the pleadings were filed, as well as subsequent objections to the Magistrate Judge's findings.

## Standard of Review

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C.A. § 405(g) (West Supp. 2007). The Supreme Court defines substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402

U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Commissioner (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the court would have reached a different decision, it must nonetheless defer to the conclusions of the Administrative Law Judge (ALJ) if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

### Analysis

The plaintiff makes four objections to the Magistrate Judge's PF&R. First, plaintiff objects to the finding that substantial evidence supports the ALJ's decision that the plaintiff's mental impairments of depression and anxiety neither meet nor equal in severity any mental disorder in Listings 12.04 (Affective Disorders) and 12.06 (Anxiety Disorders). Second, plaintiff objects to the finding that substantial evidence supports the ALJ's assessment and decision concerning the

3

plaintiff's Residual Functional Capacity (RFC). Third, plaintiff objects to the finding that substantial evidence supports the ALJ's conclusion that plaintiff is capable of performing her past relevant work as a janitor. Finally, plaintiff asserts that the Magistrate Judge erred in determining that the ALJ properly concluded that the plaintiff was not disabled at step four of the sequential evaluation process, and therefore, did not address plaintiff's argument that the fifth step was necessary and that substantial evidence supports entitlement to benefits at such step.

The court has reviewed *de novo* those portions of the Magistrate Judge's PF&R to which the plaintiff objects and **FINDS** that the objections lack merit. The court agrees with the Magistrate Judge's analysis of these issues and that assessment of the plaintiff's condition is supported by substantial evidence in the record.

As to the first and second objections, the court finds that the ALJ during his assessment did adequately contemplate both the medical and non-medical information in arriving at his conclusion that the plaintiff's impairments did not meet or equal the level of severity of one of the listed 12.04 or 12.06 impairments and that she could perform simple work with given functional limitations. Contradictory evidence offered by the plaintiff on these points was addressed by the ALJ in his decision where he found the report of Dr. Kelly, dated August 26, 2005, to be (1) externally invalid since it was based on a one-time evaluation of the plaintiff, inconsistent with the treatment notes of plaintiff's own psychiatrist and the weight of other medical evidence of record; and (2) internally invalid since results of the testing were deemed invalid by the doctor herself when the plaintiff exaggerated her symptoms and was found to lack credibility. These findings were the basis for his giving little weight to this report relied on by the plaintiffs. (Tr. at 23) Although the assessment dated October 24, 2005, from Dr. Thornton, plaintiff's treating psychiatrist, provided contradictory

evidence in the plaintiff's favor, the ALJ accorded little weight to the report because its findings were not internally supported by the doctor's own treatment notes. (Id.)

Plaintiff notes a subsequent medical source statement by Dr. Thornton dated August 28, 2006 - eight months subsequent to the ALJ's decision. This report was submitted to the Appeals Council to advance her claim and was found, like the first opinion, to not be fully supported by the evidence. In *Borders v. Heckler*, the Fourth Circuit determined that "a reviewing court may remand a Social Security case to the Secretary on the basis of newly discovered evidence if four prerequisites are met." 777 F.2d 954, 955 (4th Cir. 1985). The evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." *Id.* (citing *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983)). It must be "material to the extent that the Secretary's decision 'might reasonably have been different'" had the new evidence been before the Secretary. *Id.* (quoting *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)); *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980). Furthermore, "[t]here must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary, and the claimant must present to the remanding court 'at least a general showing of the nature' of the new evidence." *Borders,* 777 F.2d at 955 (quoting *King,* 599 F.2d at 599); *see also* 42 U.S.C. § 405(g) (requiring a showing of newness, materiality, and good cause before remanding a case to the Commissioner for consideration of evidence submitted for the first time to the district court).

As noted above, the evidence relied on by plaintiff in her objections is dated eight months subsequent to the ALJ's decision. The plaintiff has not demonstrated how the evidence is relevant to the determination of the disability at the time the application was first filed. The evidence points out factors that potentially preclude plaintiff from consistent effort/ability in the workplace;

5

however, nothing in the new evidence provides insight into the defendant's condition at the time of the ALJ's decision. New evidence is not relevant if it concerns evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. *Bradley v. Bowen*, 809 F.2d 1054, 1058 (5th Cir. 1987). The overwhelming evidence is that the plaintiff was not disabled as to prevent her from doing past relevant work as a janitor and this medical report is, at most, evidence of a subsequent deterioration of the previously non-disabling condition. As the Commissioner points out in his brief, "if plaintiff believes that the new evidence shows she is disabled after the date of the ALJ's decision, her remedy is to file a new application, not to seek to overturn a decision on his previous application that was correct at the time it was rendered." (Brief in Supp. at 13; referencing 20 C.F.R. §§ 404.620, 416.330). The new evidence is not relevant to the determination of whether the plaintiff was disabled at the time the application was filed.

As to the third objection, plaintiff would have the court believe that the ALJ did not adequately consider answers to hypothetical questions posed to the vocational expert at the hearing. Those hypotheticals contained factual scenarios which were based on the findings of medical reports heavily relied on by the plaintiff and discussed at length previously. Given that the ALJ discussed his reasons for giving little weight to the reports, it follows that hypotheticals used to determine plaintiff's residual functional capacity based on those reports were likewise given little weight. Additionally, the plaintiff argues that the ALJ's decision reveals no function-by-function analysis of the plaintiff's past relevant work as a janitor in his determination of the plaintiff's RFC. The court finds that the plaintiff herself provided evidence with regard to the specific functions of her past employment in her application for benefits and that the vocational expert provided information on janitorial positions as well. (Tr. at 47 and 92).

As to the last objection, being satisfied that the ALJ properly concluded at step four of the required sequential evaluation process that the plaintiff was not disabled, it stands to reason that the ALJ was not bound to proceed to step 5 and, in turn, the Magistrate Judge was not bound to address the ALJ's failure to do so. If an individual is found "not disabled" at any step, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520 (a), 416.920 (a).

Accordingly, the court **ADOPTS** the PF&R, **DENIES** the plaintiff's motion for judgment on the pleadings, **DENIES** the plaintiff's motion for remand, **GRANTS** the defendant judgment on the pleadings, and **AFFIRMS** the final decision of the Commissioner.

The court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Stanley, counsel of record, and any unrepresented parties.

ENTER: March 31, 2008

*[signature]*
Joseph R. Goodwin, Chief Judge

7